

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| RUBENS MESA<br>JULIETA TARAZONA<br><br>VS.<br><br>LAFAYETTE CITY PARISH CONSOLIDATED<br>  GOVERNMENT<br>RANDY HUNDLEY<br>DWAYNE PREJEAN<br>DAVID AZEMAR<br>MICHAEL BOUTTE<br>PAUL TROUARD<br>CURTIS OAKES | CIVIL ACTION NO. 06-0435<br><br>JUDGE HAIK<br><br>MAGISTRATE JUDGE METHVIN |

## HEIGHTENED PLEADING REVIEW

In this §1983 civil rights suit, plaintiffs have sued defendants Randy Hundley, Dwayne Prejean, David Azemar, Michael Boutte, Paul Trouard, and Curtis Oakes in both their official and individual capacities. In their answer, the aforementioned defendants plead the defense of qualified immunity. The undersigned has therefore conducted an evaluation of plaintiffs' complaint to determine whether it meets the applicable heightened pleading requirement. *See* Schultea v. Wood, 47 F.3d 1427, (5th Cir. 1995);[1] Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996).

---

[1] Schultea instructs that when public officials sued in their individual capacities plead qualified immunity in a §1983 case, the district court should "insist that a plaintiff file a reply" under Rule 7(a) Fed.R.Civ.P. The reply "must be tailored to the assertion of qualified immunity and fairly engage its allegations." The court may ban discovery to allow the prompt filing of a dispositive motion, unless the court finds "that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts. Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56." Schultea v. Wood, 47 F.3d 1427, 1433-34.

Plaintiffs' complaint alleges a violation of their civil rights based upon the following alleged facts: Plaintiffs own Guama's restaurant, located in downtown Lafayette; on April 9, 2005, defendant Wayne Prejean, a Lafayette police officer, threw plaintiff Julieta Tarazona onto her knees on the sidewalk next to the restaurant, handcuffed her, and forced her to watch the brutal beating of her husband, plaintiff Rubens Mesa, in full view of their friends, employees, and the public; defendants David Azemar and Michael Bouttee, also police officers, bashed Mesa's head against a lightpost and forced him face-down on the sidewalk; along with defendant officers Paul Trouard and Curtis Oakes, Officers Azemar and Bouttee beat Mesa with their fists, clubs and knees, inflicting serious head injuries and other bodily injuries; defendant officer Dwayne Prejean watched while the other officers beat Mesa but did nothing to stop the beating. Plaintiffs further allege that concerned citizens subsequently met with defendant Randy Hundley, the Chief of Police for the City of Lafayette, who refused to investigate the incident, did not reprimand the officers involved, and cooperated with the prosecution of the plaintiffs, who were tried and ultimately acquitted of all charges. Plaintiffs seek damages for their physical injuries, as well as for false arrest, false imprisonment, battery, and defamation that occurred due to the notoriety that the case generated.

Considering the foregoing, the undersigned concludes that plaintiffs have "supported [their] claim[s] with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendants' conduct at the time of the alleged acts." Schultea, 47 F.3d at 1434. Plaintiff has therefore met the heightened pleading requirement and no Rule 7(a) Order is

necessary in this case. For the same reason, no order limiting discovery under <u>Schultea</u> is appropriate.[2]

Signed at Lafayette, Louisiana on May 15th, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

---

[2] The Fifth Circuit in <u>Schultea</u> stated:

> The district court may ban discovery at this threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity. The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts. Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56.

<u>Schultea</u>, 47 F.3d at 1432-34.