UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **RUBENS MESA** <br> **JULIETA TARAZONA** <br> <br> VS. <br> <br> **LAFAYETTE CITY PARISH CONSOLIDATED** <br> **GOVERNMENT** <br> **RANDY HUNDLEY** <br> **DWAYNE PREJEAN** <br> **DAVID AZEMAR** <br> **MICHAEL BOUTTE** <br> **PAUL TROUARD** <br> **CURTIS OAKES** | **CIVIL ACTION NO. 06-0435** <br> <br> **JUDGE HAIK** <br> <br> **MAGISTRATE JUDGE METHVIN** |

*RULING ON DWAYNE PREJEAN'S*
*MOTION TO QUASH THE DEPOSITIONS OF*
*KELLY DANIEL, LOUISE BROUSSARD, AND CINDY COMEAUX*
**(Rec. Doc. 58)**

Before the court is defendant Dwayne Prejean's motion to quash the depositions of his three ex-wives: Kelly Daniel, Louise Broussard, and Cindy Comeaux. The motion was filed on February 6, 2007.[1] Plaintiffs Rubens Mesa and Julieta Tarazona oppose the motion.[2]

On February 14, 2007, the undersigned heard oral argument on ten discovery motions, including the instant motion, at which time counsel argued their respective positions. The undersigned took this issue under advisement and set a deadline for the filing of supplemental briefs.[3] The supplemental briefs are now before the court.[4]

---

[1] Rec. Doc. 58.

[2] Rec. Doc. 77.

[3] See Minutes of Oral Argument, February 14, 2007, Rec. Doc. 91.

[4] Rec. Doc. 90 (Prejean's supplemental brief) and Rec. Doc. 109 (plaintiffs' rebuttal memorandum in opposition to motion to quash).

Upon consideration of the briefs of the parties, oral argument, and the applicable law, the undersigned concludes that the depositions of Sgt. Prejean's three ex-wives are not likely to lead to the discovery of admissible evidence.  Therefore, the motion to quash is **GRANTED.**

### *Factual Background*

Plaintiffs have filed civil rights and other claims alleging that Prejean and other police officers used excessive force in connection with an unlawful arrest of plaintiffs in front of the restaurant they own in downtown Lafayette.  Plaintiffs contend that Sgt. Prejean handcuffed Julieta Tarazona and forced her down to her knees to watch while her husband was beaten by other officers.  Plaintiffs contend that Prejean's treatment of Ms. Tarazona was abusive, humiliating, and reflects a prejudice against women.

Plaintiffs contend that the depositions in question are relevant because one or more of Prejean's ex-wives may testify that Prejean was physically abusive to them.  Plaintiffs note that at least one of Prejean's ex-wives has accused him in divorce proceedings of physical abuse during their marriage.

### *Law and Findings*

The crux of this issue is whether the deposition testimony is relevant.  Rule 26(b)(1) F.R.C.P. instructs that to be relevant, discovery must appear *"reasonably calculated to lead to the discovery of admissible evidence."*  Fed.R.Civ.P. 26(b)(1).

Plaintiffs contend that evidence of physical abuse in Prejean's marriages would be admissible under Rule 404(b), which states as follows:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  *It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident*,

3

provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Plaintiffs argue that the evidence of physical abuse during Prejean's marriages would be admissible to show Prejean's "motive" or "intent" to mistreat Ms. Tarazona, which is an exception to the general prohibition against evidence of "other crimes, wrongs, or acts" to prove character under Rule 404(b).

Plaintiffs' argument is unpersuasive. One of the most disputed facts in this litigation is whether Prejean in fact mistreated Julieta Tarazona at the time of her arrest. In her deposition, Ms. Tarazona admitted that Prejean did not strike or hurt her, and that she knelt down when he simply placed pressure on her shoulder indicating what she was to do. Under such circumstances, the main value of evidence of prior bad acts would be "to prove the character of a person in order to show action in conformity therewith," which is prohibited by Rule 404(b).

Furthermore, it is not reasonable to conclude that the testimony of Prejean's ex-wives would be admissible at trial, because a party cannot impeach a witness with respect to collateral or irrelevant matters under Rule 608(b) of the Federal Rules of Evidence.

Rule 608(b) states:

**(b) Specific instances of conduct.** Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

4

Thus, under Rule 608(b), plaintiffs cannot impeach Prejean based on his deposition testimony denying physical abuse of any of his ex-wives, as these alleged instances of abuse are collateral matters not related to the facts of this case.

In support of this position, Prejean cites the Fifth Circuit case of United States . S. v. White, 972 F.2d 590, 600 (5th Cir. 1992), in which the court held that specific instances of misconduct of a witness for that purpose can not be proved by extrinsic evidence.  Accordingly, in White, the court ruled that the defendants, who were seeking to impeach the credibility of a witness, could only do so *on cross-examination of that witness*, and not through an extrinsic source.  972 F.2d at 600.  Similarly, in the instant case, plaintiffs would not be able to impeach Prejean with the deposition testimony of his ex-wives, which would be considered collateral sources, but only *on cross-examination of Prejean himself*.

Because the deposition testimony of Prejean's ex-wives would not be admissible under either Rule 404(b) or Rule 606(b) of the Federal Rules of Evidence, the undersigned concludes that the deposition testimony is not reasonably calculated to lead to the discovery of admissible evidence.  For the foregoing reasons, plaintiffs' motion to quash the depositions of Kelly Daniel, Louuise Broussard, and Cindy Comeaux (Rec. Doc. 58) is **GRANTED.**

Signed in chambers on March 26, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)