# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **RUBENS MESA** <br> **JULIETA TARAZONA** <br> <br> **VS.** <br> <br> **LAFAYETTE CITY PARISH CONSOLIDATED** <br>   **GOVERNMENT** <br> **RANDY HUNDLEY** <br> **DWAYNE PREJEAN** <br> **DAVID AZEMAR** <br> **MICHAEL BOUTTE** <br> **PAUL TROUARD** <br> **CURTIS OAKES** | **CIVIL ACTION NO. 06-0435** <br> <br> **JUDGE HAIK** <br> <br> **MAGISTRATE JUDGE METHVIN** |

### *RULING ON DISCOVERY MOTIONS FOLLOWING IN CAMERA INSPECTION*

On February 14, 2007, the undersigned conducted oral argument on ten discovery motions.[1] Defendants were ordered to submit certain documents for *in camera* inspection. The undersigned has now completed the *in camera* inspection, and enters the following rulings on plaintiffs' discovery requests:

1. **Request for Production No. 2**

   At oral argument, LCG was ordered to submit for *in camera* inspection the Internal Affairs hiring packages of the five named officer defendants. These hiring packages contain post-offer psychological evaluation reports on each of the five defendant officers, except for Sgt. Dwayne Prejean, who appealed this portion of the undersigned's ruling and obtained a ruling in his favor from the district judge.[2]

---

[1] See Minutes of Oral Argument, Rec. Doc. 91.

[2] Sgt. Prejean appealed the undersigned's ruling that his medical records – including all physical and psychological records – be produced for *in camera* inspection. Pending review by the district judge, Sgt. Prejean submitted his medical records to the undersigned in a sealed envelope, to be opened only in the event that his appeal was denied. On April 19, 2007, the district judge granted Sgt. Prejean's appeal and reversed the undersigned's ruling that Sgt. Prejean produce his medical records for *in camera* inspection. Rec.Doc. 139. In accordance with the foregoing, Sgt.

The undersigned concludes that the IA Hiring Packets are relevant to plaintiff's claims in this litigation. Courts have held that both pre-employment and post-employment psychological reports are relevant in civil rights cases alleging excessive force. *See, e.g.*, Revelle v. Trigg, 1999 WL 80283, *6 (E.D.Pa. 1999) (court will order disclosure of psychological evaluations made for purposes of employment); Scott v. Edinburg, 101 F.Supp.2d 1017, 1020-22 (N.D.Ill.2000) (documents concerning psychological evaluation that police officer underwent at direction of police chief following shooting contained information concerning officer's military and employment history, as well as officer's performance during his training program, and thus were subject to discovery in §1983 suit against village to recover damages arising from shooting); Siegfried v. City of Easton, 146 F.R.D. 98, 101 (E.D.Pa.1992) (citizen allegedly assaulted by municipal police officer was entitled to discover documents regarding officer's prejob interview with psychologist, as allegedly relevant to city's knowledge of any violent or overly aggressive tendencies possessed by officer); Mueller v. Walker, 124 F.R.D. 654, 659 (D.Or.1989) (plaintiffs entitled to disclosure of relevant psychological testing results pertaining to incident at issue or relating to prior violent episodes).

There is a confidentiality order in place which substantially addresses any considerations of privacy with respect to the information contained in the records.

Considering the foregoing, the undersigned concludes that the IA Hiring packets of David Azemar, Michael Boutte, Paul Trouard, and Curtis Oakes are relevant and discoverable in the instant case. Therefore, **IT IS HEREBY ORDERED** that plaintiffs' motion to compel disclosure of the aforementioned documents is **GRANTED**. **IT IS FURTHER ORDERED** that LCG shall produce the aforementioned documents to plaintiffs *within ten days of the date of this order.*

2.  **Request for Production No. 6**

    LCG was ordered to submit for *in camera* inspection all work-related and non-work-related medical examination records of the five named officer defendants.

    After *in camera* inspection of the documents and a review of the case law regarding this issue, the undersigned concludes that the documents are relevant and discoverable. *See, e.g.*, Soto v. City of Concord, 162 F.R.D. 603, 618 (N.D.Cal.1995) (it was proper for court to conduct *in camera* inspection of defendants' physical health conditions in excessive force lawsuit to determine whether relevant). Here, such documents are relevant to the plaintiffs' claims inasmuch as they contain information about the physical condition of the

---

Prejean's medical records have not been reviewed by the undersigned.

3

defendant officers at the time they allegedly used excessive force in arresting the plaintiffs. These records may also contain information about any medications and/or other substances they may have been taking at the time of the arrests.

As noted above, the confidentiality order will ensure the substantial privacy of the information contained in the records.

Therefore, **IT IS HEREBY ORDERED** that plaintiffs' motion to compel disclosure of the aforementioned documents is **GRANTED**. **IT IS FURTHER ORDERED** that LCG shall produce the aforementioned documents to plaintiffs *within ten days of the date of this order.*

3. **Request for Production No. 8**

In connection with this request for production, defendants were ordered to produce for *in camera* inspection any documents pertaining to the hiring of Police Chief Randy Hundley, including any documents generated by the "Blue Ribbon Panel" referenced during oral argument.

After *in camera* inspection, the undersigned concludes that these documents are not relevant to the pending litigation. Therefore, **IT IS HEREBY ORDERED** that plaintiffs' motion to compel documents concerning the hiring of Randy Hundley is **DENIED.**

4. **Request for Production No. 11**

In connection with this request for production, LCG was ordered to produce for *in camera* inspection a summary of any Internal Affairs investigation that resulted from a use-of-force filing to allow the court to determine whether the IA files themselves should be produced.

After *in camera* inspection, the undersigned concludes that it is unnecessary for LCG to produce the IA files themselves, which would be unduly burdensome. Rather, it is sufficient for LCG to produce the summary itself to plaintiffs. **IT IS THEREFORE ORDERED** that LCG produce the summary of any Internal Affairs investigation that resulted from a use-of-force filing to to plaintiffs *within ten days of the date of this order.*

4

5.  **Request for Production No. 20**

LCG was ordered to produce the Internal Affairs files of the five named defendant officers, along with a privilege log to describing the documents contained therein that LCG contends should not be produced to plaintiffs, for *in camera* inspection.

At oral argument, the undersigned determined that the Frankenhauser factors could be applied to the documents without resort to an *in camera* inspection of the IA files themselves for the purpose of determining whether a qualified privilege governing law enforcement documents bars the discovery of the documents.[3] Applying each factor, the undersigned ruled that the files were discoverable by the plaintiffs.

Nevertheless, the undersigned conducted an *in camera* inspection of the files. Plaintiff filed no objections to LCG's privilege log, which described certain documents removed from the files due to asserted privileges.

Having completed the *in camera* review, and taking into account the Frankenhauser factors, the undersigned concludes that the IA files pertaining to the five named defendant officers are discoverable – with the exception of the documents listed in the privilege log. At trial, the district judge may conclude that the probative value of the documents or information contained therein is outweighed by other considerations set forth in Rule 403 of the Federal Rules of Evidence. However, the documents are relevant to the plaintiffs' claims for purposes of discovery, and they are not protected by any privilege – the qualified law enforcement privilege or otherwise.

**IT IS THEREFORE ORDERED** that LCG produce the aforementioned documents to plaintiffs *within ten days of the date of this order.*

---

[3] The Frankenhauser factors are: (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intra-departmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case. Frankenhauser v. Risso, 59 F.R.D. 339, 344 (E.D. Pa. 1973).

5

**IT IS FURTHER ORDERED** that the Clerk shall FAX a copy of this order to all counsel of record.

Signed at Lafayette, Louisiana, on May 4, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)